NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0053-15T1

IN THE MATTER OF
ANDREA STUMPF,
DEPARTMENT OF HUMAN SERVICES.
________________________________

 Argued June 1, 2017 – Decided July 17, 2017

 Before Judges Whipple and Mawla.

 On appeal from Civil Service Commission,
 Docket Nos. 2015-1444, 2015-2658 and 2015-
 2872.

 Sarai K. King argued the cause for appellant
 Andrea Stumpf (Weissman & Mintz, L.L.C.,
 attorneys; Ms. King, on the briefs).

 Pamela N. Ullman, Deputy Attorney General,
 argued the cause for respondent Civil Service
 Commission (Christopher S. Porrino, Attorney
 General, attorney; Melissa Dutton Schaffer,
 Assistant Attorney General, of counsel; Ms.
 Ullman, on the brief).

PER CURIAM

 Petitioner Andrea Stumpf appeals from a July 16, 2015 Final

Administrative Action of the Civil Service Commission (Commission)

denying her job reclassification and requiring her to refund a
salary overpayment. For the reasons that follow, we affirm in

part and reverse in part.

 Petitioner worked at the New Jersey Department of Human

Services (DHS) as a principal clerk typist beginning in 2003. On

February 19, 2005, petitioner was provisionally appointed as an

Administrative Analyst 4 (AA4), pending promotional examination

procedures. A 2008 audit revealed petitioner was actually

performing the duties of a Technical Assistant 3 (TA3), therefore,

the Commission reclassified her as a TA3 effective May 24, 2008.

 Petitioner challenged the reclassification, arguing she was

in fact performing the duties of an AA4. The Division of State

and Local Operations of the Commission found petitioner's

assertion unsubstantiated and upheld the reclassification;

however, recognizing the financial hardship as a result of the

reclassification, the effective date of petitioner's

reclassification was set as May 9, 2009. The decision was upheld

by the full Commission on December 16, 2009.

 Petitioner was on maternity leave when the order issued. DHS

did not implement the title change after the Commission's decision

and maintained petitioner as an AA4 after she returned. Petitioner

was provisionally assigned as an AA4 to a different unit within

DHS, effective October 8, 2011. DHS and petitioner took no action

relating to her title until she applied to take a promotional

 2 A-0053-15T1
examination for the AA4 title in 2012. Although she was

provisionally placed in the AA4 title, she was not qualified to

take the examination. Petitioner appealed the ineligibility

determination and the Commission determined she was ineligible,

as DHS should have reclassified petitioner to a TA3 in 2009. As

a result, the Commission ordered a reclassification review of

petitioner's position on October 16, 2013.

 Around the same time, petitioner applied for the open

competition examination for AA4, but because of educational

deficiencies, was again found ineligible on December 4, 2013.

Because the Commission had already referred petitioner's title for

reclassification, it deferred to the pending audit. The Commission

ruled petitioner's proper classification was TA3. The Commission

alerted petitioner she was overpaid since February 19, 2005;

however, because the classification determination was not issued

until 2009 and for equitable considerations, it set the

reclassification date to December 19, 2009, the starting date of

the pay period following the December 4, 2009 decision. The

decision also advised petitioner she could seek a waiver of the

salary overpayment if she could satisfy the factors outlined in

N.J.A.C. 4A:3-4.21.

 Petitioner moved for reconsideration of the Commission's

December 4, 2013 decision denying her eligibility for the AA4

 3 A-0053-15T1
examination and requested a waiver of the salary overpayment. On

May 27, 2014, the Commission denied reconsideration of the

eligibility for the AA4 examination and rejected the waiver

request. It found petitioner failed to demonstrate an

administrative error of which she was unaware and found the factors

of N.J.A.C. 4A:3-4.21 were not met based upon the lack of evidence

repayment constituted a hardship. Petitioner was reclassified as

a TA3, pending the outcome of the ongoing audit.

 DHS did not comply with the Commission's order to reclassify

petitioner until November 28, 2014. DHS submitted a current

Position Classification Questionnaire (PSQ), current Performance

Assessment Review and organizational chart to the Commission.

Additionally, DHS, along with petitioner, submitted a request for

rule relaxation to the Commission, which was treated as a request

for reconsideration of the waiver for the salary overpayment. The

Commission initially denied DHS's request for reconsideration

because it was outside the forty-five day time limit. DHS

subsequently re-submitted information addressing the untimeliness

of the request.

 The Division of Agency Services (Division) clarified its

determination on April 2, 2015, finding petitioner's current

duties and responsibilities commensurate with the title AA4,

effective December 13, 2014. Petitioner appealed the Division's

 4 A-0053-15T1
determination as to only the date, arguing she should had been

working as an AA4 provisionally since October 8, 2011.

 The Commission consolidated the two pending appeals, the

appeal of the request for reconsideration of the overpayment waiver

and the classification appeal, and issued a decision on July 16,

2015, denying the request for reconsideration of the repayment

waiver and upholding the December 13, 2014 reclassification date.

These appeals followed.

 The scope of our review of an administrative agency

determination is limited. Circus Liquors, Inc. v Governing Body

of Middletown Twp., 199 N.J. 1, 9 (2009). We do not ordinarily

disturb an administrative agency's determination or findings

unless there is a clear showing that (1) the agency did not follow

the law; (2) the decision was arbitrary, capricious, or

unreasonable; or (3) the decision was not supported by substantial

credible evidence. See McGowan v. N.J. State Parole Bd., 347 N.J.

Super. 544, 563 (App. Div. 2002). Furthermore, we defer to the

expertise of an agency charged with the responsibility to

administer a regulatory scheme. In re Virtua-West Jersey Hosp.

Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

 We first address petitioner's challenge to the Commission's

reclassification decision. Petitioner argues the evidence

supports the conclusion she was performing AA4 duties since October

 5 A-0053-15T1
8, 2011, and to penalize her for the actions of her employer is

arbitrary and capricious. After reviewing the record, we find the

Commission's reclassification decision is supported by sufficient

credible evidence in the record. Despite petitioner performing

duties commensurate to the AA4 position, she did not have the

qualifications necessary to hold the AA4 position. Therefore, the

Commission's decision to reclassify petitioner, effective May 9,

2009, was not arbitrary or capricious.

 As to the denial of the waiver, we are persuaded the

Commission erred as the record reflects petitioner detrimentally

relied upon her employer and took reasonable efforts to apply for

examinations for the AA4 position. While our review of an agency's

determination is circumscribed, we do not simply "rubber stamp

findings that are not reasonably supported by the evidence[.]"

Chou v. Rutgers, State Univ., 283 N.J. Super. 524, 539 (App. Div.

1995), certif. denied, 145 N.J. 374 (1996). We do not find the

denial of petitioner's waiver of an obligation to repay an

overpayment of salary reasonably supported by the evidence.

 The Commission will grant a waiver, in whole or in part,

after considering:

 1. The circumstances and amount of the
 overpayment were such that an employee could
 reasonably have been unaware of the error;

 6 A-0053-15T1
 2. The overpayment resulted from a specific
 administrative error, and was not due to mere
 delay in processing a change in pay status;

 3. The terms of the repayment schedule would
 result in economic hardship to the employee.

 [N.J.A.C. 4A:3-4.21(a).]

 In the present case, petitioner was asked to pay an

overpayment amount of approximately $42,000. Petitioner argues

the Commission failed to consider she was not responsible for the

administrative errors made by her employer and the legitimate

economic hardship she would face if forced to repay $42,000.

 "Courts are generally reluctant to apply estoppel theories

against government agencies." Cipriano v. Dept. of Civil Serv.,

151 N.J. Super. 86, 91 (App. Div. 1977) (citing Summer Cottagers'

Ass'n of Cape May v. City of Cape May, 19 N.J. 493, 503 (1955)).

However, "[w]hen an agency misrepresents the effect of a

determination under circumstances calculated to induce reliance

by reasonable persons to their detriment, the agency may be

estopped to prevent a manifest injustice." In re Johnson, 215

N.J. 366, 386 (2013) (citing Horsemen's Benevolent & Protective

Ass'n v. Atl. City Racing Ass'n, 98 N.J. 445, 456 (1985)).

 As to N.J.A.C. 4A:3-4.21(a)(1), petitioner relied on DHS's

determination her assignment as an AA4 in a different unit

satisfied the Commission's decision. Based upon DHS's action,

 7 A-0053-15T1
petitioner could reasonably have been unaware she was being

overpaid. Additionally, the overpayment resulted from a specific

administrative error. See N.J.A.C. 4A:3-4.21(a)(2). Petitioner

detrimentally relied upon DHS, as evidenced by DHS's failure to

submit the 2011 PSQ detailing her duties being commensurate with

an AA4. Additionally, when petitioner returned from maternity

leave, DHS moved her position to a different unit, as an AA4, and

therefore she detrimentally relied upon their assurances the new

position was consistent with the Commission's December 2009

decision. As such, the overpayment was a result of DHS's

administrative error.

 Lastly, requiring petitioner to repay $42,000 would result

in an economic hardship. The Commission's rationale for finding

no economic hardship relied upon petitioner's family expenditures

for non-essential items including, $415 for entertainment, $108

for recreation, and $28.50 for dues and subscription. These modest

non-essential expenditures do not reflect an ability to repay

$42,000 without creating an economic hardship.

 As such, we find the denial of petitioner's waiver request

to be arbitrary, capricious, and unreasonable. We therefore affirm

the Commission's decision as to the reclassification decision and

reverse the denial of petitioner's waiver request.

 8 A-0053-15T1
 Affirmed in part, reversed in part, consistent with this

opinion.

 9 A-0053-15T1